Mr. Stevens. Good morning, Your Honors. William Stevens, on behalf of Martin Devalois, may it please the Court. When the vehicle was stopped for following too close to a truck, the officers gathered information about the driver, the vehicle, so that they could complete a traffic stop, either issue a citation or issue a warning. The law is clear that that cannot be extended once the mission of the traffic stop has been information that he needed to complete the warning ticket. How do you get around the Court's credibility finding that the officer testified he was still working on the warning five minutes in, and he was waiting for the fleet information that hadn't come back? Well, Deputy Samuelson testified that he decided to write the warning anyway without the fleet information. That wasn't until later, though. He was waiting on it at that point, and he was in the midst of preparing it. When he started writing the warning ticket, he had already decided not to require the fleet information. He testified that he was working on writing the warning when Officer Samuelson ran the dog around the car. But it was Samuelson who made the decision to complete the warning ticket before he went for the dog and instructed... But it wasn't done. The warning wasn't done when the dog conducted the sniff. That's because Samuelson didn't finish the job that he had already determined he had all of the information to complete. I mean, he's the one who stopped writing the ticket, even though he had everything he He testified. So the only reason you didn't complete the warning ticket and hand it to Danielle was that you wanted to walk Bosco around the car. Answer, conduct a free air sniff, yes. So he's the one who decided to stop writing the ticket and conduct a drug investigation instead. But he handed it to Chavez when he arrived, and he completed it at the same time. And the law is very clear that as long as the mission isn't delayed, you can conduct a dog sniff or ask additional questions. It was Samuelson's decision to stop writing the warning ticket that delayed... I think I flipped the name, sorry. Samuelson handed it to Chavez. But Chavez kept going. So I don't know, there's no delay because the warning was still being completed. And when Samuelson handed it to Chavez, it wasn't complete yet. What's the delay? The delay is when Samuelson stopped writing the ticket and he admitted, Samuelson admitted in his cross-examination that he didn't complete the warning ticket and hand it to Danielle because he wanted to walk the dog and conduct the drug investigation. So he had within his power the capacity and the information and the duty to complete the mission right then and there. The mission was completed when Chavez went to write the ticket. Samuelson handed it to Chavez to complete it. There's nothing in the law that says that Samuelson had to complete it. Except that Samuelson had assumed that responsibility and answered the question, what was the only reason that you didn't complete the ticket and hand it to Danielle? And he said that's because he wanted to walk the dog. So that's the delay. But there's no delay. There's no delay because Samuelson continued, Chavez, I'm sorry, continued what Samuelson had started. We're talking about seven minutes at most. We're talking about the function. The function of completing the mission of the traffic stop. And I think that given what Samuelson said about this situation, his not completing the ticket, once he had all of the information within his hand, it was a choice to shift the focus from doing the job that he had started to conducting a drug investigation instead. I mean, that's Samuelson's own testimony. The law is clear that the duration of a traffic stop is determined by the mission of the traffic stop. And the mission here was completing the ticket. And there was a finding, there was no delay between Samuelson when he started writing it and turning it over to Chavez when he got there to complete it. So the mission wasn't done until Chavez completed the ticket. There's nothing in the law that says that the person who starts it has to finish it. The law is clear that once all of the information has been gathered and you have everything that you need in order to proceed to either write the citation and turn that over or write a warning ticket and turn that over, that you can't extend the stop beyond that. But that process wasn't done when the dog sniffed occurred. Samuelson did not finish writing the ticket, which was the mission of the stop. But that's because Samuelson didn't proceed with what he had undertaken. But Chavez did. That's what the testimony was, and the district court found them credible. I think the record indicates that the ticket was delivered to Miss Hall something like an hour and a half later, back at the station. And on this record, I think that the mission was in fact complete at the—or should have been completed at the point that Chavez arrived. All of the information— How could the mission be complete when the ticket wasn't completed then? On a should-have-been basis, that's what the reasonable result should have been, because Samuelson had everything that he needed right then and there, and he didn't have to educate Chavez or transmit all of the information that he already had in order to complete the mission. All right. Thank you very much. Your time has expired. Mr. Whalen. May it please the Court. Good morning, Your Honors. Nathaniel Whalen here on behalf of the United States of America. The district court did not clearly err in finding the officers did not unreasonably prolong the stop, and so we ask that you affirm the district court's order denying the motion to suppress. I think, Judge St. Eve, as the Court's questions indicate, this wasn't a case of unreasonable prolonging. It was a case of a tag-team effort here, and I think the confusion probably comes in actually the suppression testimony, and this is on page 42 and 43, where the questions Mr. DeBlois just quoted came from. And the questions were, why did you, Deputy Samuelson, not complete the stop at that point? And what he says is, because I decided I was going to go conduct a dog sniff at that point. So that's why he was not the one who physically filled out the rest of the warning. By that point, he had handed it off to Officer Chavez, who at 10.05 had arrived on the scene. And if you look at the warning itself, you can see that there's kind of two different levels or two different types of handwriting. There's the top and the bottom that was filled out by Deputy Samuelson, and then in the middle, there's a different type of handwriting, and that's, I suspect, Deputy Chavez coming in and filling it out. That time that he spent filling it out was time that was necessary to complete the mission of the stop. That's consistent with this court's case law. It's consistent with Rodriguez. The actual writing of the ticket is part of the mission of the stop. So there was no unreasonable delay. Is there anything, Mr. Whelan, in the record about the training of Samuelson or the training of Chavez and who could be with the dog during the sniff and who couldn't? Yeah, so Deputy Samuelson was the K-9 officer, so he had Bosco in the backseat with him. I don't know if there's evidence about whether Chavez could have been with the dog. It certainly was Deputy Samuelson's partner, and he was the one who was aware of what Bosco's alerts were. So he's the one that presumably would have taken Bosco around the car to figure out when Bosco was alerting. You know, there's information that dogs give specific stops or specific signals. Sometimes they bark. Sometimes they lie down. Sometimes I think their ears point to alert to a positive hit. And so I think Samuelson's the only one who probably would have known that information. And up until the point that Deputy Chavez shows up, we are still waiting on the fleet report, which is part of the mission of the stop here, to figure out whether the car was stolen or not. So it's not that Deputy Samuelson's prolonging the stop because he wants someone else to show up so he can conduct the sniff. He's trying to figure out is this car stolen. He's trying to write the ticket. He eventually does reach the decision at about 10.05 when Chavez shows up that he's going to forego this fleet report. He's not going to figure out the actual true owner of the car. He has the registration. He's decided what he's going to do is he's going to do the dog sniff. He hands it up to Chavez, and Chavez is the one who's filling out the rest of the ticket. There's no unreasonable prolongation under this court's case law under Rodriguez. I don't think we're here on legal issues. I think we're just here on factual issues, and the district court made factual findings that support its legal conclusion here. Unless the court has any questions on that, the attenuation doctrine or the third point in the brief will happily rest on the briefs and have to be reaffirmed. Thank you. Thank you. Mr. Stevens, your time has expired. Do you have anything in rebuttal? I can give you some extra time if you've got something else to say. You'd have to do it from the podium, though. Counsel is correct that the testimony on page 43 of the suppression hearing is what the appellant is relying on to show that the mission should have been completed at that point. All right. Thank you very much. Our thanks to both counsel. We'll take the case under advisement, and that concludes our calendar today. The court is in recess.